UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERESA E., | ) |
|        Plaintiff, | ) |
| | ) |
|    v. | )   CAUSE NO.: 3:20-CV-629 |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
|        Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Teresa E. seeks judicial review of the Social Security Commissioner's decision denying her applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's October 25, 2018 applications for benefits, she alleged that she became disabled on September 25, 2018. After a March 6, 2020 hearing, the Administrative Law Judge (ALJ) issued her decision on April 1, 2020, and found that Plaintiff suffered from the severe impairments of degenerative disc disease, centrilobular emphysema, depressive disorder, anxiety disorder, and post-traumatic stress disorder. (AR 28). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . subject to the following additional limitations: The claimant is able to occasionally climb stairs, or ramps, balance, stoop, kneel, crouch, or crawl, and can never climb ladders, ropes or scaffolds. She must avoid even moderate exposure to extreme cold, extreme heat, wetness, vibration, fumes, dusts, odors, gases, poor ventilation,

moving machinery, and unprotected heights. With work that can be learned in 20 days, or less, with simple routine tasks, routine work place changes, simple work related decision, occasional interaction with supervisors and coworkers, and no interaction with the general public.

(AR 30). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform her past relevant work but was able to perform the representative occupations of merchandise marker, sorter, and routing clerk. (AR 37). Accordingly, the ALJ found Plaintiff to be not disabled from September 25, 2018, through April 1, 2020, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

2

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred by cherry picking only the evidence favorable to her conclusion and by failing to connect the evidence to her conclusions with an accurate and logical bridge. As Plaintiff correctly identifies, the ALJ's evaluation of the medical opinion of Dr. Gupta demonstrates these errors.

Dr. Gupta performed a physical examination of Plaintiff on behalf of the Social Security Administration in February 2019. He opined that Plaintiff's pain and stiffness in her lower back and pain in her left knee would prevent her from being able to sit, stand, or walk for long periods of time and that her pain and numbness in both hands would cause difficulty in lifting, carrying, and handling heavy objects. (AR 431).

The ALJ called Dr. Gupta's examination findings "mostly normal" except for lumbar tenderness, restricted range of motion in the lumbar spine, pain and tenderness in the left knee, antalgic gait, inability to completely stoop and squat, and difficulty walking heal to toe and tandemly. (AR 34). The ALJ decided that Dr. Gupta's opinion regarding Plaintiff's ability to sit, walk, and stand is vague and rejected the opinion of difficulty in lifting, carrying, and handling heavy objects because the examination findings do not show significant loss of strength or function in the upper extremities. (AR 34). The ALJ stated that Dr. Gupta's opinion is "unpersuasive as it is inconsistent with the minimal examination findings here and throughout the record." (AR 34).

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c, 416.920c. "Supportability" considers

3

to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

"As a general rule, an ALJ is not required to credit the agency's examining physician in the face of . . . compelling evidence. . . . But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014). An ALJ should not rely on her own interpretation of exam findings instead of a doctor's professional judgment. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016). Here, the reasoning behind the ALJ's decision appears to be that the ALJ trusted her own lay opinion of the medical evidence more than the professional opinion of Dr. Gupta.

During Dr. Gupta's examination, he noted tenderness and restricted range of motion in Plaintiff's lumbar region, pain and tenderness in the left knee, and pain and numbness bilaterally in Plaintiff's hands and fingers.[1] (AR 430). It was exactly these examination findings that Dr. Gupta cited for his opinions about Plaintiff's limitations: "Claimant is unable to do work related activities such as sitting, standing, and walking for long periods of time *due to pain and stiffness in the lower back and pain in the left knee* but has difficulty lifting, carrying and handling heavy objects *due to pain and numbness in both hands*." (AR 431 (emphasis added)).

Though Dr. Gupta's examination may not have documented significant loss of strength or function in the upper extremities (the ALJ's reason for rejecting the opinion), the examination did show pain and numbness bilaterally in Plaintiff's hands (Dr. Gupta's reason for his opinion). There

---

[1] Abnormal findings also included an antalgic gait, inability to stoop and squat completely or walk heel to toe and tandemly, and difficulty standing from a sitting position. (AR 430).

is no logic behind the ALJ's decision to disregard Dr. Gupta's opinion that a limitation exists because there is no evidence of one potential cause of the limitation when Dr. Gupta opined that the limitation was the result of a different cause. This is akin to disregarding a report that traffic is moving slowly on a highway because there is no evidence of ice on the road when the report states (and evidence supports) that traffic is moving slowly due to construction related lane closures. The required logical bridge is missing.

Further, the ALJ's stated reason of minimal findings "throughout the record" is undermined by the evidence. The record shows prescriptions for Gabapentin and Norco, (AR 399, 401, 402-403), complaints of pain (AR 393, 399, 521), slow gait (AR 391), and finger joint swelling consistent with osteoarthritis changes (AR 383). Dr. Gupta's opinion is also supported by Dr. Kragt's opinion, which noted that Plaintiff's symptoms included chronic pain, muscle aches, and low back pain. (AR 412). Plaintiff reported joint pain and swelling and limited movement due to back pain to the psychological consultative examiner. (AR 416). Plaintiff saw a specialist for radiating lumbar spine pain not relieved by conservative treatments and received a recommendation for an MRI and consultation with a pain specialist. (AR 528-32).

The Commissioner also argues that the ALJ was correct to disregard Dr. Gupta's opinions because Dr. Gupta did not state in quantitative terms how long Plaintiff could sit, stand, and walk in a work day. It is true that Dr. Gupta did not restate "long periods of time" in terms of minutes or hours. However, the ALJ found Dr. Gupta's opinion clear enough to deem it "inconsistent with the minimal examination findings." (AR 34). If the ALJ could determine that the "examination findings are not consistent with the remainder of the medical evidence of record," (AR 34), then the finding was not so vague that the ALJ did not understand the opinion.

In short, the Court sees no "good explanation" for rejecting the opinion of Dr. Gupta, who examined Plaintiff at the agency's request. *See Beardsley*, 758 F.3d at 839. Because the Court cannot discern a logical bridge from the evidence to the ALJ's conclusion, the Court remands this matter to the agency for further administrative proceedings. In the interest of judicial economy, the Court declines to analyze Plaintiff's additional arguments.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the request in Plaintiff's Brief in Support of Her Request for Review [DE 18], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on January 26, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT